UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| JAMES K. SHELTON, et al., | CASE NO. C22-5135 BHS |
| Plaintiffs, | ORDER |
| v. | |
| LIQUOR AND CANNABIS BOARD OF THE STATE OF WASHINGTON, et al., | |
| Defendants. | |

This matter comes before the Court on Plaintiffs Sami Saad, Ben Shelton III, and James K. Shelton's Motion for New Trial, Dkt. 38, following the Court's dismissal of their case for failure to state a claim, Dkt. 36.

**I. BACKGROUND**

Plaintiffs Sami Saad, Ben Shelton III, and James K. Shelton sued Washington Liquor and Cannabis Board ("LCB"), Director of LCB Rick Garza, the City of Seattle, and Washington Secretary of State Steve Hobbs arguing that Defendants deprived them of their ability to participate in Washington's legal cannabis market after Washington combined its medicinal and recreational cannabis markets. *See* Dkt. 1-1. They asserted

that Defendants violated their constitutional and statutory rights by denying their participation in the consolidated cannabis market in Washington. *Id.*

Defendants moved to dismiss arguing that Plaintiffs failed to state a claim, that Plaintiffs' alleged criminal claims did not contain civil causes of action, and that all of Plaintiffs' claims were barred by the limitations period. Dkts. 6, 7. The Court granted that motion, concluding that Plaintiffs' complaint failed to state any plausible claims and that most, if not all, of the claims were barred by their respective limitations periods. Dkt. 36.

Despite never proceeding to trial, Plaintiffs filed a motion for a new trial a month later. Dkt. 38. In that motion, Plaintiffs argue that "the Trial Court Judge simply did not afford Plaintiffs any true consideration of their arguments." *Id.* at 5. Plaintiffs also filed a notice of appeal three days later. Dkt. 40. Defendants did not respond, likely because this case is closed, it is on appeal, and the motion is best interpreted as a motion for reconsideration, to which an opposing party cannot respond without permission of the Court. A response is not needed in this case. Plaintiffs' motion is untimely, improper, and frivolous and is therefore denied.

## II. DISCUSSION

As an initial matter, Plaintiffs never had a trial before this Court. The case was dismissed on Defendants' Motions to Dismiss, Dkts. 6, 7, because Plaintiffs failed to state a plausible claim upon which relief can be granted. Dkt. 36. They therefore cannot move for a "new trial" under Local Rule 39.2. The Court will treat Plaintiffs' motion as a motion for reconsideration under Local Rule 7(h). Plaintiffs' motion fails for a variety of reasons.

1     First, the motion is untimely. A motion for reconsideration must "be filed within fourteen days after the order to which it relates is filed." LCR 7(h)(2). The Court dismissed this case on July 8, 2022, Dkt. 36, and Plaintiffs filed the instant motion almost a month later, on August 5, 2022, Dkt. 38.

    Second, Plaintiffs appealed the Court's order three days after filing the instant motion. Dkt. 40. The pending appeal strips the Court of jurisdiction to grant Plaintiffs' motion. *See* Fed. R. Civ. P. 62.1(a).

    Finally, even if the motion had been properly filed, motions for reconsideration are disfavored, and will ordinarily be denied unless there is a showing of (a) manifest error in the ruling, or (b) facts or legal authority which could not have been brought to the attention of the court earlier, through reasonable diligence. LCR 7(h)(1). The term "manifest error" is "an error that is plain and indisputable, and that amounts to a complete disregard of the controlling law or the credible evidence in the record." Black's Law Dictionary (11th ed. 2019).

    Reconsideration is an "extraordinary remedy, to be used sparingly in the interests of finality and conservation of judicial resources." *Kona Enters., Inc. v. Est. of Bishop*, 229 F.3d 877, 890 (9th Cir. 2000). "[A] motion for reconsideration should not be granted, absent highly unusual circumstances, unless the district court is presented with newly discovered evidence, committed clear error, or if there is an intervening change in the controlling law." *Marlyn Natraceuticals, Inc. v. Mucos Pharma GmbH & Co.*, 571 F.3d 873, 880 (9th Cir. 2009). Neither the Local Civil Rules nor the Federal Rules of Civil Procedure, which allow for a motion for reconsideration, is intended to provide litigants

with a second bite at the apple. A motion for reconsideration should not be used to ask a court to rethink what the court had already thought through—rightly or wrongly. *Defs. of Wildlife v. Browner*, 909 F.Supp. 1342, 1351 (D. Ariz. 1995). Mere disagreement with a previous order is an insufficient basis for reconsideration, and reconsideration may not be based on evidence and legal arguments that could have been presented at the time of the challenged decision. *Haw. Stevedores, Inc. v. HT & T Co*., 363 F. Supp. 2d 1253, 1269 (D. Haw. 2005). "Whether or not to grant reconsideration is committed to the sound discretion of the court." *Navajo Nation v. Confederated Tribes & Bands of the Yakima Indian Nation*, 331 F.3d 1041, 1046 (9th Cir. 2003).

Plaintiffs' motion largely advances the same arguments and evidence that the Court previously rejected. Further, the motion is nonsensical and fails to raise a plausible claim. The only new fact presented in the motion for reconsideration that could change the analysis at all is the allegation that, contrary to the Court's prior understanding, Plaintiff Sami Saad did apply for an LCB license. *See* Dkt. 38 at 16. The only claim the Court denied in part based on Plaintiffs' failure to apply for an I-502 license was Plaintiffs' Right to Contract claim. *See* Dkt. 36 at 16. But that claim was also denied due to Plaintiffs' general failure to state a claim. *Id.* ("Plaintiffs fail to state a plausible claim, or even explain the substance of their claim."). That analysis remains unchanged. Plaintiffs failed to plausibly state a Right to Contract claim. They seem to allege that LCB requiring them to shut their unlicensed cannabis businesses violated their right to contract with the Government. That claim is implausible. As stated in the Court's prior

Order, Dkt. 36, LCB had the authority to ask unlicensed business to cease operations. Such action did not violate Plaintiffs' right to contract.

### III.  ORDER

Therefore, it is hereby **ORDERED** that Plaintiffs Sami Saad, Ben Shelton III, and James K. Shelton's Motion for New Trial, Dkt. 38, is **DENIED**. This case shall remain closed.

Dated this 16th day of August, 2022.

*[signature]*

BENJAMIN H. SETTLE
United States District Judge